SAMUEL, Judge.
This is a suit on a $5,487.05 promissory note executed by the defendant as co-maker. The note bore interest at the rate of 7% per annum and provided for 25% attorney’s fees. The suit seeks the full amount of principal, together with interest and attorney’s fees.
The defendant’s answer admits the existence of the note, but denies liability thereon. The defendant also filed a reconven-tional demand seeking damages in the amount of $10,000 allegedly resulting from harassment and mistreatment of her mother in that plaintiff had allowed sheriff’s deputies to serve legal process on her while she was a patient in plaintiff’s institution and had required her to sit for more than an hour with opposing counsel, a court reporter and the plaintiff’s administrator for the purpose of taking her deposition.
Following a trial on the merits, there was judgment on the main demand in favor of plaintiff as prayed. The reconventional demand was dismissed. Defendant has appealed from that judgment.
The record reveals defendant’s mother was a patient in plaintiff’s convalescent home in New Orleans and the promissory note in suit was in payment of the amount due therefor. The note was executed by the patient and by the defendant as comakers. With regard to the main demand, it suffices to say the record supports that portion of the trial court judgment. More than adequate evidence was adduced to prove defendant’s liability on the note and the record contains no competent evidence to the contrary.
Regarding the reconventional demand, the record shows defendant’s mother, a heart patient, was confined in the convalescent home for some time prior to her death. During that time she, the mother, was involved as a plaintiff in a suit against a local savings and loan association over a real estate matter, and she was served at the home with a subpoena to have her deposition taken. Since her physician was out of town at the time of that service, plaintiff’s administrator wrote a letter, addressed “To Whom It May Concern”, stating her physician was out of town and her condition would not allow her to leave the institution without that physician’s authorization. The letter further stated that, in the absence of such authorization from her doctor, she would not be allowed to leave the institution without written assumption by her and her family of any responsibility for adverse consequences.
Defendant’s mother was represented by an attorney who arranged with the attorneys for the defendant savings and loan association to have the deposition taken at plaintiff’s institution. Attorneys for the savings and loan association appeared there at the designated time, and plaintiff’s administrator, Charles R. • Trufant, had defendant’s mother wheeled into a sun room or sitting room to await her attorney for the taking of the deposition. At the same *615 time, in order to protect her privacy, Tru-fant cleared the room of other patients, but remained with her during the entire period she, the association’s attorneys and a reporter waited for her attorney. After approximately an hour and a half, when no appearance had been made by her attorney, and after telephone calls apparently had been made to the absent attorney’s office, a proces verbal of the happening was dictated by an association attorney to the reporter and the incident came to an end.
There is no evidence in the record connecting these happenings or the service of any subpoenas on defendant’s mother with that lady’s subsequent death. In addition, testimony by a nurse at plaintiff’s institution is to the effect there was no marked decline in her condition after the unsuccessful attempt to take her deposition, and in a letter to the nurse defendant admitted the administrator acted to “protect her mother.” In part, the letter stated: “Mr. Tru-fant did come to her rescue and did not allow them to question her.”
Hence, the record shows Trufant acted in a reasonable manner by: (1) having the patient wheeled into a comfortable room; (2) clearing the room in order to assure privacy for her in her personal matters; and (3) remaining with her constantly during the time she waited for her attorney. No questioning took place during the waiting period. While there is no proof as to his motivation in remaining, it can be inferred he intended to protect her from any possible harassment or upset and it appears to us he acted properly under the circumstances, a conclusion also reached by the trial judge. In addition, in the absence of any competent evidence connecting the episode with the patient’s death or with an adverse effect on her condition, and we find no such evidence, there is no justification in the record for an award on the reconventional demand.
Defendant assigns several specifications of error based on the manner the trial was conducted by the trial judge, all of which are without merit. She complains the trial judge did not allow her to cross examine Trufant with regard to his signature on the proces verbal of the aborted deposition. Defense counsel objected to such examination on the ground that since Trufant did not sign the proces verbal (and he did not), he could not identify the signature of the court reporter who signed the document out of his presence after it had been reduced to typewritten form. The trial judge properly maintained the objection. Moreover, the proces verbal is in evidence and the facts stated in it have never been denied by anyone.
Defendant further complains of prejudice because she was not given the opportunity to testify by introducing her deposition into evidence. She acted as her own counsel, was present during the entire trial, and chose not to take the stand. Since she was in the courtroom throughout the trial, there was no reason for introducing her deposition into evidence and the trial court did not commit error by refusing to allow her to do so.
Finally, defendant contends the trial judge hurried her to the extent that she was not afforded a proper opportunity to present her evidence. This contention is totally without substance. On the contrary, we find the trial judge showed such exceptional patience in the face of extremely difficult circumstances, primarily resulting from the fact the defendant tried the case in proper person, that he is to be commended on the manner in which he conducted himself and the trial.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.